# Illinois Central Railroad Company v. Wilkins.

(Decided June 13, 1912.)

## Appeal from Muhlenberg Circuit Court.

1. Railroads—Action Against for Personal Injury—Instructions.—
Appellee while riding in Gossett's wagon, believing appellant's
train would run over him, jumped from the wagon and fell so
that two of its wheels passed over him. In an action against the
appellant for the injury, an instruction offered by appellant that
made appellee responsible for the negligence of Gossett was
properly refused.

2. Peril—When One Placed in by Negligence of Another.—When one
is placed in a position of peril by the negligence of another and
is compelled to chose instantly what to do to save himself, if he
chooses, as a person of ordinary prudence would have chosen in
such a position, and is injured he has a right to recover, notwith-
standing the fact that if he had made a different choice he would
not have been injured.

TRABUE, DOOLAN & COX, C. L. SIVLEY and R. Y. THOMAS,
JR. for appellant.

NEWTON BELCHER, BELCHER & SPARKS for appellee.

OPINION OF THE COURT BY JUDGE NUNN—Affirming.

This appeal is from a judgment for $750 for injuries
received by appellee at a point where a public road and
appellant's railroad intersect near appellant's station in
the town of Greenville, Kentucky. The accident oc-
curred in July, 1911. Appellee and J. W. Gossett were
neighbors residing about nine miles from Greenville to
which place they were going, at the time appellee re-
ceived his injuries, in Gossett's wagon which was loaded
with wheat. They were going in a southeasterly direc-
tion and approached appellant's track, at the point
stated, at an acute angle, and at about the time their
team stepped upon the track, they discovered a train
coming from the west; and it seems that it was at this
moment that the engineer discovered them for the first
time, sounded the alarm whistle and applied the brakes.
When the alarm was sounded, the team of mules became
frightened, turned and started west on the railroad track
the direction in which the train was going, with one of
the front wheels and one of the rear wheels of the wagon
between the rails of the track, and ran to the platform

at the station, and the train passed without striking the wagon, the occupants or the team.

Appellee testified that when the team became frightened and started running down the track, the train was so near to them that he believed it would strike and kill him and he, therefore, attempted to jump from the wagon and fell and two of the wheels of the wagon passed over him and injured him to a considerable extent. He bases his action upon the negligence of appellant; he alleges that the engineer in charge of the train failed to give warning of its approach to the crossing, by sounding the whistle or ringing the bell. There were some houses and other objects which prevented those in charge of the train and those upon the public highway from seeing each other until they reached or were near the track, but appellee claims that if the whistle had been sounded or the bell rung he and Gossett would have heard it and he would have been saved from injury. Appellee, Gossett, and several other witnesses who had an opportunity to hear, stated that they did not hear the whistle or bell until the alarm whistle was sounded when the train was very near the wagon. Appellant introduced the engineer and several other witnesses who testified that the statutory signals were given for the road crossing which conflicted with appellee's testimony upon this point and the court submitted the question to the jury and we do not feel authorized to disturb the finding thereon.

Appellant contends that the court erred in refusing to give instructions A and B offered by it. The court did not err in refusing instruction A for the reason that it gave to the jury, in the instructions prepared by it, the same points included in instruction A. Instruction B was properly refused by the court because it made appellee responsible for the negligence of Gossett, the man who owned and was driving the team. See the case of L. & N. R. R. Co. v. Molloy's Admx., 122 Ky., 219.

As stated, appellee claims that he was placed in a position of peril by reason of those in charge of appellant's train failing to blow the whistle or ring the bell for the crossing and thus give him warning of the train's approach. The rule of law is that when a person is placed in a position of peril by the negligence of another and is compelled to choose instantly what to do to save himself, if he chooses as a person of ordinary prudence would have in such a position and is injured he has a

right to recover, notwithstanding the fact that if he had made a different choice he would not have been injured. So the fact that appellee jumped from the wagon and was injured does not bar his recovery, although it is apparent that if he had remained in the wagon he would not have been injured. He was placed in a position of peril and had a right to choose, as would an ordinarily prudent person, what to do, and even though his choice proved unwise, he was excused, as he was placed in peril by appellant and had to act instantly. This question was submitted to the jury and it determined from the evidence that appellee was justified in jumping from the wagon; that any ordinarily prudent person would have done likewise under the circumstances.

It is the opinion of the court that appellant had a reasonably fair trial. The judgment is not large, considering the extent of the injuries as shown by appellee's two physicians who testified for him.

For these reasons, the judgment of the lower court is affirmed.