### Louisville & Nashville Railroad Company v. Alex Staebler and Ida Staebler.

(Decided June 13, 1919.)

#### Appeal from Henry Circuit Court.

Railroads—Speed of Trains—Crossings.—The requirement as to the speed of a train at public crossings does not go to the extent of having the train under such control as that persons can get off the track after it comes into view. See companion case of L. & N. R. R. Co. v. Scott's Admr., 184 Ky. 319, where the facts and law involved on this appeal are stated.

W. B. MOODY and BENJAMIN D. WARFIELD for appellant.

J. M. CHILTON and EDWARDS, OGDEN & PEAK for appellees.

OPINION OF THE COURT BY JUDGE QUIN—Reversing.

This is a companion case to that of Louisville & Nashville Railroad Co. v. Oscar Scott's Administrator, 184 Ky. 319.

At the time of his death, December 5, 1916, Oscar Scott was riding in an automobile truck owned by the appellees in this case. The truck, while being driven by Chas. Staebler, a son of appellees, was struck by an east bound passenger train of the appellant in the town of Campbellsburg.

Appellees and the administrator of Oscar Scott filed suits against the appellant in the Henry circuit court, and from judgments in favor of both plaintiffs the railroad company appealed.

In the opinion in the Scott case, *supra,* both the law and facts are elaborately treated. During the trials objections were interposed by appellant's counsel to questions propounded to certain witnesses as to the speed of the train. For example, in the Scott case, the question was asked one of the engineers:

"Mr. Swift, at what speed would you have to operate your train, this train, at this crossing so as to give persons an opportunity going over the crossing and get off of the crossing or out of the way, before your train struck him?"

Commenting on this line of interrogation, this court said:

"There can be no doubt but that these questions and answers were highly prejudicial. We have heretofore in this opinion attempted to define the purpose of the limitations upon the speed of a train at this character of crossing. The requirement as to the speed of a train at such crossings does not go to the extent of having the train under such control 'as that persons could get out of the truck get off of the track, after it came into view.' To so hold would place an unreasonable restraint upon the speed of trains and would make railroad companies guarantors and insurers of the safety of everybody who used a grade crossing. This would not only exact too stringent regulations of the operation of trains, but it would destroy rapid transit which the necessities of commerce and travel demand of railroad companies."

Practically the same questions were asked the witnesses in the instant case. The causes of action grew out

of the same accident; the evidence in this case is substantially that given in the Scott case, the witnesses testifying here having testified in that case.

For reasons given in the foregoing opinion, the judgment in this case is reversed, and upon a retrial the lower court will be guided by that opinion.

Whole court sitting.  Judge Sampson dissenting.