# Big Sandy & Kentucky River Railway Company v. Keaton.

(Decided December 12, 1924.)

## Appeal from Johnson Circuit Court.

1. Negligence—Person in Peril Not Negligent in Failing to Adopt Safest Course.—One placed in peril by another's negligence, and compelled to choose instantly a course of escape, is not negligent in failing to adopt safest course, provided he exercises care and judgment fairly to be expected of one of ordinary prudence under the circumstances.

2. Railroads—Failure to Look Not Contributory Negligence as Matter of Law.—The stop, look, and listen doctrine has not been adopted in Kentucky, and failure to look before going upon railroad tracks is not contributory negligence warranting peremptory instruction.

3. Railroads—Variance Between Pleading and Proof Held Not to Warrant Nonsuit.—Evidence in action for injuries to woman who jumped from wagon to avoid injury from collision at railroad crossing held not at such variance with pleadings as to authorize nonsuit.

4. Damages—For Injuries to Woman Held Not Excessive.—$1,555.00 for injuries to woman, consisting of three broken ribs, bruises, and lacerations, held not excessive.

5. Railroads—Instruction on Absence of Crossing Signals as Causing Injury in Jumping from Wagon Held Erroneous.—Instruction that, if crossing signals were not given, and if by reason thereof plaintiff was caused to jump from the wagon in which she was riding to avoid injury from imminent collision, verdict should be for plaintiff held eroneous; absence of such signals having effect only of .causing plaintiff to enter a zone of peril rather than affecting her actions thereafter.

6. Railroads—Reasonable Care Requires Crossing Signals and Lookout.—Reasonable care requires train operatives backing over crossing to sound whistle, ring bell, keep train under reasonable control, and to maintain a lookout.

7. Trial—In Absence of Evidence of Plaintiff's Control Over Driver of Wagon or Attempt to Cross Ahead of Train, Instruction Thereon Should Not be Given.—In absence of evidence that plaintiff had any control over driver of wagon from which she jumped to avoid injury from collision, or that she was encouraging him in attempting to cross ahead of train, instruction affecting such matter should not ·be given.

8. Negligence—Negligence of Driver Not Imputed ot Invitee Riding.—Negligence of driver of wagon is not imputed to an invitee riding therein.

9. Railroads—Requested Instruction as to Right to Assume Vehicle Driver would Stop Held Erroneous.—Requested instruction as to train operatives' right to assume vehicle driver would stop and

allow train to pass first held erroneous, unless modified by adding condition that such operatives must within reasonable distance have given proper crossing signals.

C. B. WHEELER for appellant.

W. H. VAUGHAN & SON for appellee.

OPINION OF THE COURT BY DRURY, COMMISSIONER—
Reversing.

The appellee recovered a judgment against appellant for $1,555.00 for personal injuries received in a collision while crossing appellant's railroad.

At the time of the infliction of the injuries, appellee was going from Vanlear to Paintsville. She was riding on a public highway, in a farm wagon drawn by a pair of mules. The wagon and team belonged to Nelson Webb. He was seated on the right side of the front seat, and was driving. To his left was Ben Keaton. On the rear seat the appellee was seated on the left, and Anna Williamson was on the right.

As these parties were crossing the appellant's track, one of its trains which was being backed along the track, collided with this wagon. This train consisted of an engine, two box cars and a passenger coach. According to the driver of the wagon, he did not see the train until the front wheels of the wagon were upon the track, when he looked up and saw the train just to the left of the wagon and backing towards it. He struck his mules with his whip, thereby accelerating their speed from a walk to a run, and he almost succeeding in escaping. The left rear wheel of the wagon was struck by the step of the coach, and the rear of the wagon was scooted over about four or five feet. The appellee was on the side next to the train, and when she saw it, she stood up. She either jumped or was thrown out of the wagon when the rear of it was struck. The wagon passed over her body, and three of her ribs were broken.

There is quite a conflict in the evidence about the speed of the train. The engineer, fireman and brakeman say the speed was about two miles per hour, and that the train could have been stopped and was stopped in ten or twelve feet, while the witnesses for appellee insist that the train was moving rapidly, and that the coach, both box cars and a part of the engine crossed the highway before the train came to a stop. There is the same con-

flict about the ringing of the bell, the blowing of the whistle and the visibility of the approaching train from the roadway on which this wagon was being driven.

The other occupants of the wagon were not injured and appellant argues that appellee would also have escaped injury if she had not jumped out of the wagon, and that her injuries were entirely the result of her own act, and appellant insists that its motion for peremptory instruction should have prevailed. Appellant's contention is wrong. A person put in peril by the negligence of another, and compelled to choose instantly what to do to save herself, is not guilty of contributory negligence if she fails to adopt the safest course, provided she used such care and judgment as might be fairly expected of a person of ordinary prudence under the circumstances. I. C. R. R. Co. v. Wilkins, 149 Ky. 35, 147 S. W. 759; C. & O. Ry. Co. v. Hoskins' Admr., 164 Ky. 575, 176 S. W. 29; L. & N. R. R. Co. v. Locker's Admrs., 182 Ky. 578, 206 S. W. 780; L. & N. R. Co. v. Molloy's Admx., 122 Ky. 219, 91 S. W. 685.

Neither was the appellee guilty of such contributory negligence if she did not look up the track before going on it, as to authorize a peremptory instruction. The stop, look and listen doctrine, relating to railroad crossings has not been adopted in this state. L. & N. R. R. Co. v. Scott's Admr., 184 Ky. 319, 211 S. W. 747; L. & N. R. R. Co. v. Staebler, 184 Ky. 730, 212 S. W. 919; Davis v. Davis, 195 Ky. 522, 242 S. W. 870.

Neither was the negligence proven by appellee so different from the negligence alleged in her petition, as to authorize a nonsuit. She said this in her petition:

"The defendant's railroad train just immediately before the wagon in which plaintiff was riding was crossing the track at the crossing, was standing still; but without giving any warning that the train was to be moved across the crossing the defendant through its agents, servants and employes in charge of its said train, backed the said train across the crossing and caused the train to come in contact with the wagon in which she was riding and threw the wagon from the crossing and she realizing the danger attending from the collision that was about to happen, and for the purpose of preventing any injury to herself on account of the collision, jumped from the wagon and fell to the ground, and the wagon

in which she was riding was thrown with force and violence on and against her person in such a manner and with such force as to break three of her ribs loose from her spinal column and otherwise bruised and lacerated her body.''

This language is strikingly like the language used in L. H. & St. L. R. R. Co. v. Davis, which was before this court twice, 32 Rep. 580, 106 S. W. 304, and 30 Rep. 172, 97 S. W. 1122. The reasons given there for refusing a peremptory instruction apply conclusively in this case.

The verdict is not excessive, neither is it without evidence to support it nor has the appellant called our attention to any incompetent evidence admitted over its objection, or to any competent evidence offered by it that was not admitted, and the only remaining ground assigned for a reversal is that the instructions given were erroneous.

Instruction No. 1 was:

''If the jury believe from the evidence that the engine bell was not rung or the whistle not sounded continuously or alternately from a point fifty rods distant until the engine mentioned in evidence reached the crossing, and that by reason thereof, the plaintiff was caused to jump from the wagon, for her own safety at a time when she, in good faith, believed and had reasonable grounds to believe that she was in danger of losing her life or suffering great bodily harm in case she did not jump, and was injured thereby, while exercising ordinary care for her own safety, then the law is for the plaintiff and the jury will so find. If the jury do not so believe and find, they will find for the defendant.''

That instruction was not correct. Granting that the employes of appellant did omit to give warning by either bell or whislte, of the movement of the train across the highway, that did not cause the appellee to jump. No one can claim that it did. However, the omission of the warning may have caused appellee while exercising ordinary care for her own safety, to enter a zone of peril, and if it did, and the appellee, when face to face with real or to her apparent peril, and acting as an ordinarily prudent person would under such circumstances, jumped from the wagon and was injured thereby, the appellant is responsible therefor, even though as we all see now, she

made a mistake in so doing. I. C. R. R. Co. v. Cotter, 103 S. W. 279, 31 R. 679; I. C. R. R. Co. v. Wilkins, 149 Ky. 35, 147 S. W. 759.

Reasonable care to avoid collision at the crossing required appellant in using this crossing, to whistle, ring its bell, keep its train under reasonable control, and maintain a lookout. L. H. & St. L. Ry. Co. v. Lyon, 146 Ky. 603, 143 S. W. 31. When the engine is pushing the train over the crossing, this lookout must be on what is ordinarily the rear of the train, which by reason of the train's being backed over the crossing, is at that time the front. L. & N. R. R. Co. v. Veach's Admr., 129 Ky. 775, 112 S. W. 869.

Instruction No. 1 should be so modified as to read:

"If the jury believe from the evidence that the agents and employes of defendant in charge of its train mentioned in the evidence, failed to blow the whistle or ring the engine bell continuously or alter nately from a point 50 rods from the crossing if the movement of the train began that far from the crossing, and if the movement began less than 50 rods from the crossing, then to give such signals there, and continue said signals until the engine reached the crossing, or failed to maintain a lookout on the end of the train nearest the crossing, or failed to keep its train under reasonable control and that as the direct and natural result of the failure of the defendant to do all or any of these things, the plaintiff, while exercising ordinary care for her own safety, was placed or in the exercise of reasonable judgment, believed herself to be in a position of peril, and in order to escape such real or to her apparent peril, she jumped from the wagon in which she was riding, and was injured thereby, and that an ordinarily prudent person situated as she was, would have jumped from said wagon, then you will find for the plaintiff."

In a second instruction, the converse of this should be given, and the jury instructed to find for the defendant, unless they shall further believe from the evidence that the defendant's agents and employes saw plaintiff's peril, or by the exercise of ordinary care could have seen her peril in time to have averted it, and negligently failed to do so.

Instruction No. 3, it appears to us, should not have been given, as there was no evidence that appellee had any sort of control over the driver of this wagon or was in any way encouraging or directing him in trying to beat this train over the crossing, if he did try so to do. She seems to have been an invitee, and if she was, the negligence of the driver is not to be imputed to her.

Barnes & Bro. v. Eastin, 190 Ky. 392, 227 S. W. 578; Veach's Admr. v. L. & I. Ry. Co., 190 Ky. 678, 228 S. W. 35; Ray v. Ray, 245 S. W. 287, 196 Ky. 579.

However, should the evidence on the next trial show that she was not an invitee, then, of course, some such instruction as No. 3 should be given.

In its motion for new trial, the appellant complains of the action of the lower court in refusing to give the following instruction offered by it:

> "The court instructs the jury that the agents of defendant in charge of the operation of said train had a right to assume that the driver of the wagon in which plaintiff was riding when she was injured, if she was injured, would stop his team before reaching the crossing for the purpose of allowing defendant's train to pass and defendant had a right to rely upon said assumption, until and unless by the conduct of said driver it reasonably appeared to them that he did not intend to stop his wagon before reaching the crossing and thereby colliding with the train, then, and in that event it was the duty of defendant's agents to use such means as were reasonably within their power to stop said train, and prevent the collision and injury to plaintiff, and if the jury believe that defendant's said agents exercised ordinary care and made all reasonable efforts to stop said train and prevent said injury, they will find for the defendant."

This instruction should be modified by prefacing same with this:

> "If you believe from the evidence that at a reasonable distance from this crossing the agents and employes of the defendant in charge of its train mentioned in the evidence, gave warning of its approach by blowing the whistle or ringing the engine bell, as outlined in instruction No. 1, then the court instructs, etc."

The judgment is reversed and cause remanded, with directions to award the appellant a new trial, and for further proceedings consistent with this opinion.