## Big Sandy and Kentucky River Railroad Company v. Keaton.

(Decided November 26, 1926.)

### Appeal from Johnson Circuit Court.

1. Appeal and Error—Opinion on First Appeal is Law of Case where Evidence on First and Second Trial is Same.—Where evidence on issue of contributory negligence is same on first and second trials, opinion on first appeal is law of case.
2. Appeal and Error—Error in Instruction Prejudicial Only to Plaintiff Cannot be Complained of by Defendant.—Error in granting instruction imputing negligence of driver of wagon to plaintiff riding thereon as an invitee, being prejudicial only to plaintiff, cannot be complained of by defendant.
3. Negligence—Negligence of Driver of Wagon Cannot be Imputed to Passenger Riding as Invitee.—Where plaintiff had no control

over driver of wagon in which she was riding at time of injury, but was merely an invitee, negligence of driver cannot be imputed to plaintiff.

C. B. WHEELER for appellant.

FRED HOWES and BEN H. VAUGHAN for appellee.

OPINION OF THE COURT BY JUDGE REES—Affirming.

This is the second appeal of this case and the facts are stated in the former opinion, which is reported in 206 Ky. 156, 266 S. W. 1056. The judgment was reversed on the first appeal because of erroneous instructions.

The appellant urges the following grounds for reversal: (1) Appellee's injury was due to her own negligence; (2) the court erred in admitting incompetent evidence for appellee and refusing competent evidence for appellant; (3) the instructions are erroneous; (4) the verdict is excessive.

The first ground relied on by appellant was urged as a ground for reversal on the first appeal and was decided adversely to its contention. The evidence was substantially the same on the second trial as on the first one and the opinion on the first appeal is the law of the case. Appellant has failed to point out any incompetent evidence admitted over its objection or any competent evidence offered by it that was not admitted and an examination of the record fails to disclose any. The trial court gave the instructions approved and directed in the former opinion, and in addition thereto gave instruction No. 3, which is as follows:

"It was the duty of the plaintiff and the driver in charge of the wagon on which she was riding, in approaching the crossing in question, to exercise such care as persons of ordinary prudence usually exercise under similar circumstances, to learn of any train that might be approaching and to avoid injury by it, and if the jury believe from the evidence that the plaintiff knew, or the driver of said wagon knew, or failed to exercise ordinary care to learn of the train's approach, and notwithstanding this, went upon the crossing, and in consequence thereof, plaintiff was injured, and that but for which the injury would not have occurred, the jury should find for the defendant, though the persons in charge of the

train failed to give warning of its approach, as set out in instruction No. 1, unless you believe and find for plaintiff under instruction No. 5, in which latter event you will find for the plaintiff.''

The evidence introduced on the second trial showed that appellee had no control over the driver of the wagon in which she was riding at the time the injury was received but that she was merely an invitee, and this being true the negligence of the driver, if any, is not to be imputed to her. The court, therefore, should not have given this instruction. But the error was prejudicial only to appellee and not to appellant and the appellant can not complain.

On the first trial the jury rendered a verdict for appellee for $1,555.00 and on the second trial the verdict in her favor was for $1,800.00. The amount of the second verdict is only slightly larger than that of the first one and is not excessive.

Judgment affirmed.