**GRANVILLE & NUTTER SHOE COMPANY INC., Ray Stanley Granville, and James Watts Nutter, Appellants,**

v.

**The FLORSHEIM SHOE COMPANY, Appellee.**

Court of Appeals of Kentucky.

Aug. 11, 1978.

Donnie H. White, Lexington, for appellants.

William M. Johnson, Frankfort, for appellee.

Before GANT, LESTER and VANCE, JJ.

GANT, Judge.

Appellants herein were personal guarantors under a contract, the consideration for which was the extension of credit by the appellee to a corporation owned by the appellants. When the appellants failed to pay their account in an amount in excess of $6,500, action was brought on this guaranty agreement and a default judgment obtained against the appellants for $2,000 each. The complaint filed by the appellee asked for this relief but a copy of the guaranty agreement was filed with the complaint and made a part thereof, which agreement provided, by reference, in pertinent part, that the appellants bound themselves "jointly and severally" to appellee, and that "the right of recovery hereunder is limited to Two Thousand and no/100 Dollars ($2,000.00)."

Eleven months after the default judgment was entered, appellants moved the court, pursuant to CR 55.02 and CR 60.02, to set aside or amend the judgment to reflect the liability against the appellants in accordance with the guaranty agreement and to provide that a $1,000 corporate bond be applied to further reduce that indebtedness. The lower court denied the motion on the ground that "no valid or reasonable excuse for default" had been presented. It is from the order overruling the appellants' motion that this appeal results.

Under the former law in Kentucky, the lower court was without power to vacate or modify its own judgment under Section 518 of the Civil Code. Section 514 of the Civil Code granted to the Court of Appeals of Kentucky the right to reverse or modify for errors appearing in the record and this rule is now embodied in KRS 22A.060. However, CR 60.02 repealed Section 518 of the old Civil Code and it is, presently, within the power of the lower court to ". . . upon such terms as are just, relieve a party . . . from its final judgment . ."

This was an instance of a default judgment rendered on the pleadings. The error was a patent one and the mistake was that of the court in entering a judgment for double the amount called for in the guaranty agreement. In the case of *Samuels v. Weikel*, 195 Ky. 522, 242 S.W. 836 (1922), there was a suit on a note against a husband and wife, the petition alleging that both owed the note sued upon, together with interest. The note was filed with the petition, incorporated as a part thereof and showed on the face of the note that the husband had not signed it and was in no way liable for its payment. The husband was summoned, failed to answer, and a default judgment was rendered against him. The Court of Appeals reversed this case and set aside the judgment against the husband, holding as follows:

. . . a judgment is erroneous unless it is supported by the pleadings, and by that it is meant unless the averments of the pleadings are such as authorize the rendition of the judgment.

Another familiar rule in this jurisdiction is that a written exhibit, upon which a petition or pleading is based, if filed as a part of it, *must prevail as against the averments of the petition where there is a conflict between the two.* (Citing cases).

The motion filed herein clearly called to the court's attention the error which was manifest upon the face of the pleadings themselves. The court mistakenly entered a default judgment for double the amount to which the appellee was entitled according to the pleadings themselves, and to deny relief on the motion filed herein within the time limits permitted by the rules is an abuse of discretion by the lower court. The lower court in its ruling indicated that the absence of a showing of excusable neglect precluded recovery by the appellants. Excusable neglect, however, is but one of several grounds permitted under CR 60.02 and is not the sole plea in vindication. Mistake, inadvertence, newly discovered evidence and other grounds are also listed.

In cases too numerous to mention, our courts have consistently held that default judgments should be cautiously granted and closely examined. It should be further pointed out that there is no allegation in

the present case that the appellee has relied upon the judgment herein entered to its detriment.

■ Despite the contention of the appellee that CR 59.05 precludes the modification of a default judgment, we do not agree. We do not construe that rule as being inconsistent with CR 60.02 pertaining to *default* judgments.

■ We feel that the second ground urged by the appellants is without merit, as the posted bond was a corporate bond and the debt of the corporation exceeded the guaranty amount.

Accordingly, this case is reversed and remanded to the lower court with instructions to set aside the judgment previously entered herein and to enter a judgment in favor of the appellee against the appellants, jointly and severally, in the amount of $2,000.00, together with interest thereon from the date of the original judgment, and for costs.

All concur.