## Scheible, et al. v. Kalkoff.

(Decided October 27, 1925.)

Appeal from Jefferson Circuit Court
(Common Pleas Branch, Fourth Division).

1. Evidence—Evidence by Party as to Adversary's Admissions Regarded as Weakest Kind of Evidence, and should Not Outweigh Contrary Direct Testimony.—Evidence by a party to an action as to admissions made to him by his adversary are regarded as the weakest kind of testimony, and should not be allowed to outweigh positive testimony that the fact was otherwise.

2. **Municipal Corporations—Verdict Against Husband for Injury by Automobile Held Flagrantly Against Evidence.**—In an action against husband and wife for injuries in an automobile accident, verdict against husband held flagrantly against weight of evidence, where it was shown by positive testimony that he was not the owner of the car, which caused the injury, but that his wife was the owner thereof, and it was her negligence which caused the injury.

L. FRANK WITHERS for appellants.

DAVID R. CASTLEMAN for appellees.

OPINION OF THE COURT BY COMMISSIONER SANDIDGE— Affirming in part and reversing in part.

On January 25, 1922, appellees, Fred W. Kalkoff, Lillian Kalkoff, his wife, and Stewart Kalkoff, his son, were driving east on St. Catherine street, in Louisville, Kentucky, and while the Ford car in which they were riding was crossing Third street, it was struck and over-turned by a Maxwell car driven by appellant, Martha D. Scheible. Thereafter appellees, Lillian Kalkoff, Stewart Kalkoff, an infant who sued by his next friend, Fred W. Kalkoff, and Fred W. Kalkoff, instituted actions against appellants, W. F. Scheible and Martha D. Scheible, hus-band and wife, to recover damages for their personal injuries and that to the Ford automobile resulting from the collision. Issue was joined by appellants. The three actions were consolidated and were heard and tried together. When tried the jury returned a verdict in favor of appellee, Lillian Kalkoff, for $1,000.00; Stewart Kalkoff for $300.00, and Fred W. Kalkoff for $200.00. Judgment was entered accordingly and from it this ap-peal has been prosecuted.

It is insisted for appellants that the verdict is fla-grantly against the evidence. With reference to the judg-ment as against appellant, Martha D. Scheible, that con-tention can not be sustained. The verdict as to her is sustained by the great weight of the evidence. The col-lision and resulting injuries are shown by a preponder-ance of the evidence to have been caused by her negli-gence.

The contention for appellant, W. F. Scheible, that as to him the verdict is flagrantly against the evidence presents a more serious and difficult question. He was not driving and was not in the automobile driven by his

wife when the collision occurred. The only testimony for appellees that W. F. Scheible owned the automobile driven by his wife on the occasion in question came from the witness, Fred W. Kalkoff. He stated that two days after the accident W. F. Scheible came to his home, and, quoting his testimony:

> "He come in and asked how they were getting along. My wife and boy were in bed. They were unable to be up. He told me that his wife had drove his machine in to get a battery or something uptown, up on Broadway, First or Second and Broadway, and she came up to Hancock and Broadway—anyway, she had some work done up there on his machine."

Appellant, Martha D. Scheible, testified positively that the automobile driven by her when the collision occurred was her own car; that she had owned it two years; that she purchased it with her own money, money that she earned and saved while working three years for the railroad company and six months in the office at Camp Knox. W. F. Scheible testified that the automobile did not belong to him; that he had paid no part of the purchase price and that it was her car. No other testimony as to the ownership of the car was introduced except that W. F. Scheible denied that in the conversation with Fred W. Kalkoff he had referred to or spoken of it as "his machine." It will be observed that the only evidence tending to establish that W. F. Scheible owned the automobile in question was the testimony of his adversary, Kalkoff, that appellant, in the conversation detailed, spoke of the car as "his machine." Evidence by a party of admissions to him by his adversary has uniformly been regarded as the weakest kind of testimony. The low esteem in which such evidence is held by this court is indicated in Becker v. Crow, 7 Bush 198, and Higgs v. Wilson, 3 Metc. 337. That such testimony should be so regarded should be specially true where a husband or a wife is quoted as having spoken of property belonging to the other as "my property." With reference to evidence by a party of admissions to him by his adversary, in Waggoner v. German-American Title Company, 22 Ky. L. R. 15, 56 S. W. 961, this court has written:

> "However sincere a witness may be his statement as to an admission of an adversary to him un-

supported by other testimony should not outweigh direct testimony that the fact was otherwise.''

Here all the direct testimony on the question was to the effect that Martha D. Scheible with money earned by her purchased the automobile and that it was her property; that W. F. Scheible paid no part of the purchase price and owned no interest in it. The only evidence to the contrary is the testimony of appellee Kalkoff that in the conversation with him his adversary, W. F. Scheible, referred to it as ''my machine.'' He did not even testify that W. F. Scheible told him that the car belonged to him or that it was his car that his wife was driving. Under the facts of this record, in view of the rule above with reference to this character of testimony, we are forced to conclude that the verdict herein against appellant, W. F. Scheible, is flagrantly against the evidence.

Appellant complains of the instructions given upon the trial hereof, but his complaint is confined to a general statement that they are of such length and so confusing as to be of no value in aiding the jury properly to determine the issues submitted. The instructions are lengthy but they necessarily were so when we consider that three different causes of action were submitted to the jury and the fact that there were two of the defendants and the issues had to be separated as to them. Our consideration of the instructions given leads us to conclude that they fairly and perhaps as concisely as possible under all the circumstances submitted the issues to the jury.

The judgment as to appellant Martha D. Scheible is affirmed. The judgment as to appellant W. F. Scheible is reversed for the reasons indicated, and the cause is remanded with direction that he be granted a new trial and for further proceedings consistent herewith.