## Bradley, et al. v. Clarke.

(Decided March 25, 1927.)

### Appeal from Bourbon Circuit Court.

1. Highways.—Evidence held to sustain verdict for damages against truck driver arising out of collision with automobile when passing truck while standing in the road, in view of Ky. Stats., section 2739g-48, forbidding any person from stopping a motor vehicle and leave same standing on main traveled portion of public highway.

2. Highways.—Truck driver's leaving truck in road without room to pass between it and a wrecked automobile constituted negligence under Ky. Stats., section 2739g-48.

3. Highways.—In action for damages resulting from collision when passing truck standing in highway, evidence as to contributory negligence of plaintiff while passing such truck held for jury.

4. Appeal and Error.—Finding of jury on contributory negligence of automobile driver, passing truck standing in highway, on conflicting evidence, is conclusive.

5. Highways.—In action for damages resulting from collision of automobile while passing truck standing in highway, evidence relative to ownership of truck held insufficient for jury as to one defendant alleged to be owner thereof.

6. Evidence.—Statements proven to have been made by adversary in a lawsuit are weakest character of evidence, when it is the other adversary who testifies as to statements.

JOHN J. WILLIAMS, WADE H. LAIL and JOHN S. SHERWOOD for appellants.

DENIS DUNDON for appellee.

OPINION OF THE COURT BY JUDGE LOGAN—Affirming in part and reversing in part.

This suit grows out of an automobile accident. Appellee was the owner of a Marmon touring car, and in December, 1924, while he was driving his car along the Lexington to Paris road, he undertook to drive around a truck standing in the road, and in doing so he collided with another car on the road a short distance behind the truck. It appears that the appellant, George Bradley, was driving the truck towards Lexington and that about the time he passed the farm of one Joe Jacoby he discovered a car on the side of the road in trouble. He stopped his truck and left it standing in the road and returned to the car on the side of the road. He left the

lights on his truck burning. Appellee saw the lights of the truck for some distance before he reached it, and when he came to the truck he passed it on the right side, but not knowing of the obstruction caused by the car behind the truck he ran into that car and as a result of the collision his own car was damaged. In his suit he placed the damages to his car at $800.00. The original petition was against the appellant, Bradley, alone. It was filed two days after the accident. The summons was executed on Bradley on the 15th day of December, and an attachment taken out by the plaintiff was levied on a Bethlehem truck as the property of George Bradley on the same day. On the 7th day of February appellee filed his amended petition, in which he alleged that the truck which he claimed was the cause of the accident to his car was the property of Stanley Rees and that Bradley was an employee of Rees in the operation of the truck. The allegations of negligence are reiterated. Summons was executed on the appellant, Rees, on the 9th day of February, 1925. A demurrer to the petition was filed by appellants and sustained. A second amended petition was filed and the demurrer to it was sustained. In November, 1925, a third amended petition was filed, and the demurrer to the petition as amended was then overruled. The appellant, Bradley, filed his answer on the 27th day of March, 1926. On the same day the appellant, Rees, filed his separate answer. In a separate paragraph in the answer of Rees he sets out that the truck described in the petition was the property of the Harrison County Motor Company, a corporation, and that the truck did not belong to him. This was denied by reply. At the June term, 1926, of the Harrison circuit court appellee tendered and offered to file an amended reply in which he sought to plead that after the accident he went to the place of business of appellant, Rees, in Cynthiana, Kentucky, in an effort to find out who was the owner of the truck which he claimed was responsible for the damages to his car, and that Rees stated to him that he was the owner of the truck. He further sets out in the amended reply tendered that he had investigated the records of the Harrison county court and ascertained that the truck had been licensed in the name of George Bradley, and that it was thereafter sold by judgment of the Harrison circuit court and purchased by the appellant, Rees. The object of his reply which he tendered was to set up an estoppel

against the plea of Rees that he was not the owner of the truck. The court refused to allow the amended reply to be filed.

The case was tried at the June term, 1926, and the jury returned a verdict in favor of appellee against both of the appellants for the sum of $625.00. The appellants filed their motion and grounds for a new trial, and the grounds may be summarized as follows: (1) The court was without authority to enter a judgment against both appellants on the verdict of the jury, as the jury found the verdict for plaintiff without stating whether it was against one or both of the defendants. (2) The damages awarded were excessive. (3) The verdict is not supported by the evidence. (4) Errors in the admission and rejection of evidence. (5) The court erred in refusing to sustain the motion of appellants for a peremptory instruction in their favor. (6) Erroneous instructions.

The damages awarded by the jury were not excessive if the jury accepted the evidence of the appellee as to the damage done to his car. The verdict as to George Bradley is undoubtedly supported by the evidence. Section 2739g-48, Ky. Stats., is as follows:

"No person shall stop a vehicle or leave same standing or cause or permit same to stop or to be left standing upon the main traveled portion of any public highway nor upon any intersection thereof for the purpose of taking on or discharging passengers, or for the purpose of making repairs thereon or to any part thereof: Provided, however, that this provision shall not apply to a vehicle which shall be disabled while on such main traveled portion of the highway in such a manner and to such extent that it is impossible to avoid the occupation of said main traveled portion or impracticable to remove the same therefrom until repairs shall have been made or sufficient help obtained for its removal."

Apparently this section relates to the stopping of a motor vehicle for the purpose of making repairs or taking on or discharging passengers, but the purpose of the statute undoubtedly was to prevent any person from stopping a motor vehicle and leaving it standing on a main traveled portion of any public highway. There is

a conflict in the evidence as to whether the truck was left on the wrong side of the road. It had been travelling towards Lexington, and the evidence for appellee is that it was stopped on the left side of the road and within four or five feet of the edge of the road in going towards Lexington. The evidence for appellants is that it was stopped about the center of the road. The evidence for appellee shows that there was not room to go around the truck on the right side of the road in going towards Paris and pass between the back end of the truck and the wrecked car. The car belonging to appellee was driven with the right-hand wheels off the highway on the dirt for a distance of seventy-five feet before passing the truck. The driver could not see the wrecked car, and when he discovered it he mechanically attempted to swerve to the left and pass between the back end of the truck and the wrecked car. In making this attempt witnesses for appellee say that he first struck the truck and then struck the wrecked car. Witnesses for appellant say that the truck was not struck by appellee's car. The leaving of the truck in the road without room to pass between it and the wrecked car, if true, was negligence, and it was a question for the jury as to whether the truck was so left standing.

It is urged with much insistence that appellee was guilty of contributory negligence in approaching the truck and attempting to go around it without slackening his car to such an extent that he could determine whether there was any obstruction in front of him. The evidence for appellee shows that the car slowed down from thirty miles an hour to eighteen or twenty miles an hour, while the evidence for appellants shows that there was no slackening of the speed of the car. Appellee and those in his car saw the lights of the truck several hundred yards before they reached it, but they say that they could not tell whether the truck was standing still or moving, and the driver stated that he drove far over on his side of the road to give the truck an opportunity to pass. If this is true it was a question for the jury as to whether appellee was guilty of contributory negligence. If he had known the truck was standing still he may have been required to exercise a greater degree of care for his own safety, but he approached the truck thinking that he was passing a vehicle meeting him on the highway, and he appears to have been reasonably careful in attempting

to pass the truck which he thought, according to his evidence, was approaching him. It cannot be said that appellee was guilty of contributory negligence as a matter of law, and as that question was submitted to the jury under a proper instruction, the finding of the jury is conclusive.

There were many objections made to the evidence, but a careful examination of the record fails to disclose any material errors in the rejection or admission of evidence. In this respect the case was carefully tried and there is no just ground of complaint on account of the ruling of the court on any objection to the evidence.

A peremptory instruction should not have been given in favor of the appellant, Bradley, and if the truck which Bradley was driving belonged to the appellant, Rees, a peremptory instruction should not have been given in his favor. The question in this case that is most difficult to determine is whether there was enough evidence to take the case to the jury so far as appellant, Rees, is concerned. At the time of the accident appellee and those with him did not know to whom the truck belonged. One of the witnesses who was in appellee's car stated that some part of the truck was painted red. The proof clearly shows that the Harrison County Motor Company owned two trucks, one of which was painted red. It was an International truck. Bradley, who was driving the truck, says that it was the International that he stopped on the road, and Garnett, who was with him, corroborates that statement. It is also corroborated by appellant, Rees, and probably other witnesses. There is no proof to the contrary unless the evidence of two of the young men who were in the car at the time of the wreck may be said to contradict the above mentioned evidence by stating what they claimed appellant, Rees, said to them at the garage of the Harrison County Motor Company a few days thereafter. They say that Rees pointed out a Bethlehem truck and said it was the one driven by Bradley on the night of the accident and that it belonged to him. This statement is denied by Rees. He says that he pointed out the International truck and referred to it as ''our truck.'' It is shown to a certainty that it was the International truck which was driven on the night of the accident and which was the cause of the accident, if the leaving of the truck on the road caused the accident.

William J. Pope, deputy county court clerk of Harrison county, was introduced as a witness for appellants, and stated that on the 26th day of December, 1923, the International truck was licensed in the name of the Harrison Motor Company for the year 1924. The president of the company testified that the truck belonged to that company. The appellant, Rees, who was secretary and general manager, testified that the truck belonged to the company. If it was the International truck which was driven by appellant, Bradley, on the night of the accident we are forced to the conclusion that there was no evidence showing that the truck belonged to the appellant, Rees.

If it had been the Bethlehem which was driven by Bradley on that night the record is little less favorable to appellant, Rees. This truck was licensed in the name of Bradley for the year 1924. It was sold under an order of the Harrison circuit court and purchased by appellant, Rees. He testified that he bought it for his company, and the report of sale made by the master commissioner to the court confirms the statement of Rees in this respect, as that report shows the truck was sold to the Harrison Motor Company. It may be that the evidence as to the ownership of the Bethlehem truck would have been sufficient to take the case to the jury as to the appellant, Rees, if the evidence had shown that it was the Bethlehem truck which caused the accident. When the appellant, Bradley, was asked who owned the Bethlehem truck on December 10, 1924, his answer was that Stanley Rees was the owner, and this, coupled with the statement which appellee's witnesses claim Rees made to them, would probably have been sufficient to take the case to the jury.

Statements proven to have been made by an adversary in a lawsuit is the weakest character of evidence when it is the other adversary who testifies as to the statements. This was so held in the case of Scheible, et al. v. Kalkoff, 210 Ky. 789, 276 S. W. 846. In that case the only testimony that W. F. Scheible owned the automobile which was driven by his wife on the occasion of an accident was offered by his adversary in the suit, who stated that Scheible told him that the car was his. The wife testified in the suit positively that she was the owner of the automobile and had bought it with her own money.

The court held that the positive evidence of the wife must be treated as conclusive, and that the statement of the husband that the car was his was not sufficient to uphold a verdict against him.

We have examined the instructions of the court and they fairly present the law. We perceive no error in the record other than the failure of the lower court to sustain the motion for a peremptory instruction in favor of the appellant, Rees. If on another trial the evidence should be substantially the same as to the ownership of the truck driven by Bradley on the night of the accident the jury should be directed to return a verdict in favor of Rees.

The judgment is affirmed as to George Bradley and reversed as to Stanley Rees, and remanded for proceedings consistent with this opinion.