## Padgett v. Brangan.

(Decided March 15, 1929.)

WILLIAM J. DEUPREE for appellant.

A. E. STRICKLETT for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Reversing.

Appellant, W. R. Padgett, was the plaintiff below, and appellee, Earl Brangan, was the defendant below. At the close of plaintiff's testimony, the court sustained defendant's motion for a peremptory instruction in his favor, and the jury returned a verdict as so directed, followed by judgment dismissing plaintiff's petition, and, to reverse it, he prosecutes this appeal.

Plaintiff in his petition sought the recovery of judgment against defendant for damages sustained by a collision of plaintiff's automobile with defendant's truck on the Dixie Highway a short distance from the city of Covington. The collision occurred at about 4:30 a. m. on December 4, 1927, while plaintiff was driving his automobile on his right side of the road, and which was the west side of the concrete driveway at that point. Some 400 feet or more north of the point of collision there is a right curve in the highway in traveling south thereon, and, after turning in, plaintiff saw the headlights of defendant's truck, though the highway is not perfectly straight between those two points. It was practically dark, and there had settled over the vicinity a slight fog, which, with the prevailing darkness, prevented plaintiff from correctly locating the side of the road occupied by the truck, and which he testified that he thought was moving towards him, and that it was on its proper side of the highway, which would have been its east side. So

believing, and so circumstanced, plaintiff continued traveling on his right side of the highway and did not observe defendant's truck as located on that same side until within a very short distance of it, but even at that time, according to his testimony, he still believed that it was moving. He testified that under such circumstances he could not stop his automobile before colliding with the truck, and that he conceived it safer to undertake to pass it on the same side of the highway, and to the left of the truck, where the proof shows there was sufficient space for that purpose with the 5 or 6 feet of berm at that point upon that side of the highway, the left wheels of the truck being located some 3 or 4 feet over from the west line of the concrete portion of the highway, and which, with the berm, made a passageway of from 8 to 10 feet. He said that, after discovering the location of the truck, and still believing that it was moving, he concluded that if he attempted to turn to his left over to the east side of the highway, and where the truck should have been, the driver of the latter might also attempt to turn to that side and an inevitable collision would have occurred, and for that reason he concluded to pass the truck in the manner indicated.

We are not informed as to the grounds upon which the peremptory instruction was given, but necessarily it was upon the ground, either (a) that no negligence was proven against defendant, or (b) that the testimony conclusively showed plaintiff to be guilty of contributory negligence, one of the defenses relied on in the answer, and we will direct the discussion to a consideration of those grounds.

The collision was only with the left sides of the two vehicles, and, when it occurred, plaintiff discovered for the first time, according to his testimony, that the truck was stopped and therefore stationary, and had been so since he first discovered its lights. In disposing of ground (a), we are met at the threshold with the undisputed fact that defendant stopped his truck on his left side of the highway, and on the portion thereof that traffic thereon, going in the opposite direction, should travel. See section 2739g35, 1922 Edition of Carroll's Kentucky Statutes. Section 2739g48 of the same statutes prohibits the stopping of any motor vehicle ''upon the main traveled portion of any public highway nor upon any intersection thereof for the purpose of taking on or discharging passengers, or for the purpose of making

repairs thereon or to any part thereof,'' but there is excepted from such prohibitory terms of the statute, the stopping of a motor vehicle on such portion of the highway if it is disabled in such a manner ''that it is impossible to avoid the occupation of said main traveled portion or impracticable to remove the same therefrom until repairs shall have been made or sufficient help obtained for its removal.''

It is argued that, since there was no proof in this case that defendant's truck was not stopped for any of the excusable purposes contained in the statute, defendant cannot be charged with negligence in stopping on the highway. We had the same question before us in the recent case of Bradley v. Clarke, 219 Ky. 438, 293 S. W. 1082, and in our opinion therein we, in effect, construed that section of our statutes as casting the burden on the one whose vehicle was so stopped to prove that it was because of some of the excepted purposes contained in the statute, and in doing so we said: ''Apparently this section relates to the stopping of a motor vehicle for the purpose of making repairs or taking on or discharging passengers, but the purpose of the statute undoubtedly was to prevent any person from stopping a motor vehicle and leaving it standing on a main traveled portion of any public highway. There is a conflict in the evidence as to whether the truck was left on the wrong side of the road. . . . The leaving of the truck in the road without room to pass between it and the wrecked car, if true, was negligence, and it was a question for the jury as to whether the truck was so left standing.''

There was a wrecked car behind defendant's truck in that case, and plaintiff collided with it, he being unable to observe it until after he had passed defendant's stationary truck. But that fact can have no material effect upon the applicable principle of law, since the complained-of collision in each case, so far as defendant is concerned, resulted from the situation and location of his truck. Defendant in this case, according to plaintiff's testimony, which was all that was introduced on the subject, left his truck stationary and on the wrong side of the highway and at a place where, at that time of day, one approaching from the opposite direction could not locate the side of the highway on which it was stationed until within a short distance from it. We therefore conclude that, under the statute as construed in the Bradley opinion, defendant was guilty of negligence so as to

render him liable for the consequence of the collision complained of, unless plaintiff was guilty of contributory negligence so as to defeat his right to recover, and which brings us to a consideration of ground (b), supra.

Plaintiff had the right to assume, in the absence of knowledge to the contrary, that, when he observed the headlights of defendant's truck, it was on the right side of the highway, since it was defendant's duty to be on that side, and the presumption would be indulged that he was performing his duty. See 2 R. C. L. 1185, sec. 20, and the many cases cited in the notes to the text. It embodies a well-settled principle in the law of negligence and has been applied many times by this court. He testified that he did so believe and continued to do so until the lights from his automobile informed him to the contrary, but that he was then so close to defendant's truck as to create an emergency calling for immediate action, and that he chose the course taken by him for the reasons hereinbefore stated.

Both negligence and contributory negligence are usually questions for the jury, unless the testimony, uncontradicted by circumstances or conditions, be such that but one conclusion by honest men may fairly be drawn therefrom, in which case it becomes a question of law for the court. The governing rule as sometimes stated is that a peremptory instruction is not authorized, unless, after admitting the testimony offered by plaintiff (or by defendant when the question of contributory negligence is involved), and every reasonable inference to be deduced from the facts proven to be true, and that reasonable minds could arrive at but one conclusion therefrom, then it is the duty of the court to give the peremptory instruction; but, if not so, then it is the duty of the court to submit the issue to the jury under proper instructions. Poll v. Patterson, 178 Ky. 22, 198 S. W. 567; Ham v. Hord, 189 Ky. 317, 224 S. W. 868; Nelson v. Black Diamond Mining Co., 167 Ky. 676, 181 S. W. 341; Bosler Hotel Co. v. Speed, 167 Ky. 800, 181 S. W. 645; Chicago, St. L., & N. O. R. Co. v. Armstrong's Adm'r, 168 Ky. 104, 181 S. W. 957; and New York Life Insurance Co. v. Dean, 226 Ky. 597, 11 S. W. (2d) 417. Measuring the rights of plaintiff by that rule in the light of the undisputed facts and circumstances developed by his testimony on the trial of this case, we are constrained to the conclusion that fair-minded men might differ as to what an ordinarily prudent person would have done under the same or simi-

lar circumstances that confronted plaintiff immediately prior to the complained-of collision. See, also, Lewis v. Bowling Green, 135 Ky. 611, 117 S. W. 278, 22 L. R. A. (N. S.) 1169, and Louisville Gas Co. v. Beaucond, 188 Ky. 725, 224 S. W. 179. It is likewise the universal rule that one acting in emergency produced by the neglect of another is not held to the same strict rule of ordinary prudence required and demanded of one not so situated. Hardware Mutual Casualty Co. v. Union Transfer & Storage Co., 205 Ky. 651, 266 S. W. 362, and Big Sandy & Kentucky R. R. Co. v. Keaton, 206 Ky. 156, 266 S. W. 1056. Plaintiff's situation when he discovered the true location of defendant's truck was one, as we have seen, that required emergency action on his part, and that condition was produced by defendant's negligence in stopping his truck on the wrong side of the road, and, in the light of the two stated principles of law, we conclude that the issue as to plaintiff's contributory negligence should have been submitted to the jury.

But it is insisted that plaintiff was guilty of contributory negligence because of the speed at which he was traveling and his failure to reduce it until he was placed in the emergency above referred to. The answer, however, to that argument, is that plaintiff was not traveling, according to his testimony, exceeding 25 miles an hour, and that he believed and had the right to believe that plaintiff's truck was on the proper side of the highway and was moving towards him instead of being stopped on the highway. So believing, and having the right to do so, there was no occasion for him to check his permissible rate of speed until he discovered to the contrary. He made no such discovery, according to his testimony, until it was too late to prevent the collision by checking his speed, and the only alternative that appeared to him under such emergency conditions was to adopt the course he did: i. e., to pass defendant's truck over the space between it and the west bank of the highway. To say the least of it, the evidence furnished reasonable support for that conclusion, and in which case, as we have seen, it was the duty of the court to submit the issue to the jury.

Wherefore the judgment is reversed, with directions to grant the new trial and for proceedings consistent with this opinion.