## BOSSHAMMER v. LAWTON.

Court of Appeals of Kentucky.

March 6, 1951.

Clark & Manby, La Grange, for appellant.

Thomas & Thomas, New Castle, for appellee.

MILLIKEN, Justice.

This is an appeal from a judgment in favor of the appellee, W. C. Lawton, for personal injuries and property damage received in a collision with appellant's automobile which was parked, unattended, on a public highway at the time of the accident. Appellant's principal grounds for reversal are that the parking of his car on the highway was not the proximate cause of the accident, and that appellee was guilty of contributory negligence as a matter of law.

The appellee, W. C. Lawton, is a veterinarian of Madison, Indiana. On the morning of March 11, 1948, he had been called to Kentucky to treat a sick cow and was on his way home along an icy highway (Kentucky No. 37) between Bedford and Milton when the accident occurred. After reaching the crest of a hill and as he proceeded northwardly along the road, he saw the automobile of appellant parked on the west side of the highway down the hill facing him with its left wheels on the center line of the eighteen foot highway and its left side extending over a few inches into the northbound or east lane. Back several feet from the east side of the paving was Spillman's Garage and in front of it a number of automobiles, including a school bus, were parked in rows. The entrance of the garage was almost directly opposite the parked car of the appellant. According to the appellee this was the general picture which confronted him after he crossed the crest of the hill and looked down at the scene before him.

There is contrariety of opinion about the distance from the crest of the hill to Spillman's Garage; the distance was variously stated to be anywhere from 135 feet to 600 feet. The highway was conceded to be icy with a thaw beginning on those portions of it directly exposed to the morning sun. The hill down to Spillman's Garage had a northern or western exposure, and unfortunately its slipperiness had not been abraded by the warmth of the sun. The appellant denied that his car was parked as far out on the highway as appellee stated it was, but he admitted that a car coming out of Spillman's Garage had to make a sharp turn pretty close to where he had parked his car. In other words, appellant's parked automobile was located in a position which compelled the driver of a car coming out of the garage, or from the portion of the parking space immediately in front of the garage to turn sharply onto the east or northbound lane of the highway whether he intended to go northwardly or southwardly along the highway. Because of the number of cars parked on the area between the garage and the highway, the lane directly in front of the garage entrance was the only means of egress from the garage and the parking area nearest to it, and appellant's parked automobile constricted the use of the lane.

As the appellee descended the hill a car moved out of the narrow lane in front of the garage toward the highway. The appellee sounded his horn and the car below stopped and began to back up. Believing that the car's direction had been reversed because its driver had heard his warning horn, the appellee continued on down the slippery hill. But the driver of the car below reversed his direction again, proceeded out onto the highway, and drove off toward Milton and Madison. The startled appellee applied his brakes "but might as well have greased the wheels."

The appellee is the only known witness to the collision which followed. The appellant and his companion had been in Spillman's Garage for fifteen minutes attempting to sell auto supplies. When they heard the crash they rushed out of the garage and saw where appellee's car had crashed into theirs and had caromed on off across the highway into the empty school bus parked in front of Spillman's Garage north of the entrance lane.

The appellant contends that his action in parking his car on the highway was not the proximate cause of the accident; that had his car been in motion and had reached that very location on the highway where the appellee skidded into it, the accident would have happened nevertheless. He contends that it was the negligence of the unknown third party and the negligence of the appellee in not having his car under control that caused the accident.

■ It is stated in 60 C.J.S., Motor Vehicles, § 330, at page 770, that, "As a general rule a motorist who desires to stop his vehicle or to leave it unattended on a street or highway is under a duty to select a suitable place, where his vehicle will not constitute an obstruction of the highway or a source of danger to other users of the highway; and this duty has been held to exist independently of any statutory requirement." Apparently the common law imposes an obligation on one stopping or driving his automobile on or near a highway, or other place where other motorists have equal rights, to use reasonable care to avoid a collision of his own car with another car as well as to prevent the automobile of another colliding with his own. Hommel v. Southwestern Greyhound Lines, Tex.Civ.App.1943, 195 S.W. 2d 803, 808.

■ Our own statute, KRS 189.450, was construed in Bradley v. Clarke, 1927, 219 Ky. 438, 293 S.W. 1082, 1084, as follows: "Apparently this section relates to the stopping of a motor vehicle for the purpose of making repairs or taking on or discharging passengers, but the purpose of the statute undoubtedly was to prevent any person from stopping a motor vehicle and leaving it standing on a main traveled portion of any highway." This language was approved in the recent case of Hendricks v. Garst, 1950, 314 Ky. 49, 52, 234 S.W.2d 160. And it has been held that one who parks his car in such a position has the burden of showing that he is within the exceptions stated in the statute. Padgett v. Brangan, 1929, 228 Ky. 440, 15 S. W.2d 277.

■ When he violated the statute by parking on the traveled portion of the highway, the appellant violated a duty he owed other users of the highway not to obstruct it. Whether the action of the third party in driving out from the entrance lane of Spillman's Garage onto the highway was a risk the appellant should have foreseen and have protected the appellee against is the crux of the matter. As stated in Prosser on Torts (1941 Edition) at page 367: "Almost invariably these cases present no issue of causation in fact, since the defendant has created a situation acted upon by another force to bring about the result; and to, deal with them in terms of proximate cause is only to avoid the real issue. The question is one of negligence and the extent of the obligation: whether the defendant's responsibility extends to such interventions, which are foreign to the risk he has created. *It might be stated as a problem of duty to protect the plaintiff against such an intervening cause.* A decision that the defendant's conduct is not the 'proximate cause' of the result means only that he had not been negligent at all, or that his negligence, if any, does not cover such risk." (Emphasis ours.)

In the case at bar the appellant's act in parking his car, unattended, on the traveled portion of a public highway coated with ice, at the base of a hill, opposite the entrance to a public garage, created a situation which involved an unreasonable risk to other users of the highway because of the expectable action of the other driver or of a third person. See Restatement of the Law of Torts, Section 302, particularly Comment a, Clause (b), at page 816, and Illustrations 6 and 7 at page 20. Had the appellant's automobile been moving along

the highway and reached the precise point where it actually was parked as he suggests, it would not follow that the third party's action would have been the same as it was when appellant's car was parked on the highway. Motion alerts and inaction invites in such a situation.

The question of proximate cause and all that it implies was submitted to the jury under the usual instruction and decided adversely to the appellant by their general verdict. By that verdict the jury decided, in effect, not only that the appellant was negligent in the circumstances, but that his negligence also covered the risk involved from the intervening action of the third party. Stated in another way, the third party's action was considered an intervening action, but not a superseding one. We concur in that conclusion.

We cannot accept the appellant's contention that the appellee was guilty of contributory negligence as a matter of law. He was not traveling at an unreasonable rate of speed. The skidding of a motor vehicle on a public highway is not negligence per se, but it is a question for the jury to determine whether the skidding was caused by the driver's negligence. Hewitt's Adm'r v. Central Trucking System, 302 Ky. 459, 194 S.W.2d 999; Head v. Lucas, 313 Ky. 356, 231 S.W.2d 81. This issue was submitted to the jury in the case at bar and decided favorably to the appellee. The $500 allowance for damages for personal injuries—several fractured ribs—was not excessive. We conclude that the appellant's motions for a directed verdict were properly overruled.

The judgment is affirmed.