## CARPENTER v. PAGE BROS. MOTOR CO., Inc. et al.

Court of Appeals of Kentucky.

Nov. 16, 1951.

James C. Lyne, Russellville, for appellant.

Taylor & Milam, G. S. Milam and J. Granville Clark, Russellville, for appellees.

CAMMACK, Chief Justice.

This appeal is from a judgment on a directed verdict given in favor of Page Brothers, defendants below, at the conclusion of the evidence offered by the plaintiff, Cyril Carpenter. We are asked to reverse the judgment on the ground that the case should have been submitted to the jury.

Carpenter was a mail carrier. On December 18, 1948, around 5:30 p. m., he drove his Chevrolet pickup truck into the back of a wrecker belonging to Page Brothers and being operated by Roy Bowles. He suffered personal injuries and his truck was damaged materially. The accident occurred on the Nashville Highway, five miles south of Russellville. The night was rainy and foggy, and the road was slick. The wrecker went from Russellville to get a car out of the ditch near a place known as "Barker's Driveway." It was standing on the right-hand side of the road headed toward Russellville. No flares were placed on the road by the driver of the wrecker. Carpenter said he saw two dim lights on the back of the wrecker and thought it was moving. He was traveling approximately 30 miles an hour. He applied his brakes and attempted to swerve around the wrecker to the left, but struck it with the right front side of his truck. The collision occurred less than 150 feet south of the brow of a hill and just across from the entrance to Barker's Drive.

Carpenter contends that three of the duties prescribed by KRS 189.450 were violated. The violations charged were (1) the wrecker was stopped in front of Barker's private drive; (2) it was stopped at a point less than 150 feet from the brow of the hill; and (3) it was stopped on the main, traveled portion of the highway on a rainy, foggy night, which caused the view to be "otherwise obstructed for a distance of 150 feet."

The appellees take the position that, since there was an allegation of negligence to the effect that the wrecker had been stopped on the right side of the road at night, without flares being placed on the highway, Carpenter could not offer proof showing other alleged acts of negligence. They contend also that Carpenter was guilty of contributory negligence as a matter of law in driving his truck into the rear of the parked wrecker after he observed its two rear lights.

We have read and re-read Carpenter's petition in the light of the interpretation placed upon it by counsel for Page Brothers, and have reached the conclusion that the allegations of negligence are broader in scope than they contend. It is true that the petition charged the absence of flares, but the basic assertion was that the wrecker had been stopped negligently upon the surface of the main, traveled portion of the highway. The fact that the wrecker was standing on the main portion of the highway is not in dispute.

We think the case should have been submitted to the jury. Certainly Carpenter was well aware of the physical characteristics surrounding the place on the highway where the collision occurred. As a mail carrier he traveled the highway daily. He knew where Barker's entrance was located and the nearness of the brow of the hill toward Russellville. Likewise he knew of the dangers attending driving on the night of the collision. It is true he said he saw the lights on the rear of the wrecker, but when he applied his brakes and attempted to pull around the wrecker he ran into it. The jury might well have believed that his acts were the proximate cause of the colli-

sion. On the other hand, the driver of the wrecker was equally apprised, or should have been, of the physical characteristics of the road at the place of the collision. He knew also of the condition of the weather and the road because he had been traveling upon it. Just as the jury could have believed that Carpenter's acts were the proximate cause of the accident, so they could have believed of the acts of the driver of the wrecker. Some of the questions dealt with in the opinion in the case of Turpin v. Scrivner, 297 Ky. 365, 178 S.W. 2d 971, were similar to those in the case before us. The reasoning in that opinion is applicable here.

Judgment reversed, with directions to set it aside, and for proceedings consistent with this opinion.