## BURNETT v. YURT.

Court of Appeals of Kentucky.
March 14, 1952.

Raymond C. Arny, Louisville, for appellant.

Woodward, Hobson & Fulton and Fielden Woodward, all of Louisville, for appellee.

CAMMACK, Chief Justice.

This appeal is from a directed verdict given for the appellee at the conclusion of all the evidence. The appellant seeks a reversal on the ground that the case should have been submitted to the jury.

The appellant was driving his car in a southerly direction on Cane Run Road. He saw a car in front of him proceeding at a slow rate of speed. It was about 1:00 a. m. and extremely foggy. Due to the atmospheric condition the appellant misjudged the speed of the car preceding him and collided with it. He said he was traveling about 10 miles per hour at the time and that the only damage to his car was a slightly dented right fender. He left his car parked on the right-hand side of the paved portion of the highway and went to call the police. The headlights and taillights were burning. While he was absent the appellee, who was traveling in the same direction, struck the rear of the appellant's car. The evidence for the appellee established that he was traveling about 35 miles per hour and because of the fog he did not see the taillights of the appellant's car until he was within 50 feet of it. The appellee applied his brakes and swerved to the left in order to pass the parked car, but his right fender struck the appellant's car. On this state of facts a directed verdict was given for the appellee.

The appellant was negligent in leaving his car parked on the paved portion of the highway. It was in good running condition and could have been moved easily to a safe place. This constituted a violation of KRS 189.450. Notwithstanding that he was negligent per se, the appellant contends that the appellee failed to exercise ordinary care, under the circumstances, and, therefore, he also was negligent. He contends further that the appellee's negligence, rather than his own, was

the proximate cause of the collision. There was sufficient evidence to take that question to the jury as to the appellee's negligence. Since it was extremely foggy, the question of whether the appellee was exercising due care was properly a question for the jury. Unless we can say that the appellant's negligence was the proximate cause of the accident as a matter of law, the case must be reversed.

The case of Carpenter v. Page Bros. Motor Co., Ky., 242 S.W.2d 993, is in point. In that case a directed verdict was entered for the defendant, who was the driver of the parked vehicle. In the immediate case a directed verdict was entered for the defendant, who was the driver of the car that struck the parked vehicle. In the Carpenter case the plaintiff was driving along the highway at approximately 30 miles per hour. It was dark and foggy and the highway was slick from the previous rains. The plaintiff said he saw two dim lights on the back of the defendant's wrecker, which was parked on the right-hand side of the paved portion of the highway. The plaintiff applied his brakes and attempted to swerve to the left, but struck the wrecker with his right fender. At the conclusion of the plaintiff's evidence a directed verdict was entered for the defendant. We pointed out that the plaintiff was well aware of the weather conditions and the condition of the road and the jury could have believed that his acts were the proximate cause of the collision. The defendant was equally aware of the circumstances and the jury could have believed that his acts were the proximate cause of the accident. We held that the question of proximate cause should have been submitted to the jury. The same rule should apply herein.

■ The cases cited in the briefs were discussed in Ashton v. Roop, Ky., 244 S.W.2d 727. They dealt with situations where a moving auto ran into the rear of a stationary vehicle. We concluded that the previous cases had not given proper consideration to the proximate cause of the accident. In the Ashton case we held that, even though the plaintiff and defendant may

have been negligent per se, the question remained as to whose negligence was the proximate cause of the injury and that question was properly submitted to the jury. The appellee relies on McLellan v. Threlkeld, 279 Ky. 114, 129 S.W.2d 977, but that case was reversed because the question of proximate cause was not submitted to the jury. It is apparent that the question of proximate cause should have been submitted to the jury.

Judgment reversed, with directions to set it aside, and for proceedings consistent with this opinion.