## O'DONLEY v. SHELBY.

Court of Appeals of Kentucky.
Oct. 30, 1953.
Rehearing Denied Dec. 18, 1953.

Terrell & Schultzman, Paducah, for appellant.

Earl Osbourne, Marvin Prince, Benton, for appellee.

COMBS, Justice.

Alfred Collins died from injuries received in an automobile collision which occurred on U. S. Highway 60 in McCracken County. This appeal is from a judgment of $10,615 in favor of Collins' administrator against the appellant O'Donley, the operator of one of the three vehicles involved in the accident.

The accident occurred about 7:30 p. m. on February 21, 1951. The highway is 18 feet wide, practically level, and straight, for a considerable distance in both directions from the scene of the collision.

O'Donley parked his automobile along the right side of the highway and got out to discuss a business matter with an acquaintance. A few minutes later the decedent, Collins, in his automobile, approached the O'Donley car from the rear. At the same time a pickup truck driven by one Griffin approached from the opposite direction. Both the Collins' car and the Griffin vehicle were traveling at a speed of approximately 35 miles per hour. Collins' automobile struck the left rear of O'Donley's car, swerved across the highway, and collided head-on with the pickup truck.

There is conflict in the evidence as to the exact location of the O'Donley car prior to the collision. Evidence for the appellee

is that the vehicle protruded a distance of 18 inches to 3 feet over the traveled portion of the highway. O'Donley testified that no part of his car was on the traveled portion of the road. There is also conflict in the evidence as to whether the lights on the O'Donley car were burning at the time of the accident. This conflict will be referred to later.

Grounds assigned for reversal are: (1) the court erred in refusing to direct a verdict for O'Donley because (a) there was no evidence of negligence on his part; (b) the decedent was negligent as a matter of law; and (2) the court erred in giving instructions and in refusing to give offered instructions.

O'Donley contends he violated no statutory duty and was not guilty of negligence in parking on the highway. Admittedly, there was some ambiguity in the applicable statute, KRS 189.450, prior to its amendment in 1952. This ambiguity was recognized in several cases, including Bradley v. Clarke, 219 Ky. 438, 293 S.W. 1082; Padgett v. Brangan, 228 Ky. 440, 15 S.W.2d 277, and Burnett v. Yurt, Ky., 1952, 247 S.W.2d 227. But we said in the Burnett case:

> "The appellant was negligent in leaving his car parked on the paved portion of the highway. It was in good running condition and could have been moved easily to a safe place. This constituted a violation of KRS 189.450."

█ Aside from any statutory requirement, it was O'Donley's duty to use ordinary care to avoid injuring others on the highway. Statutes and ordinances defining duties and regulating traffic are usually either declaratory of the common law or supplementary thereto, and a mere compliance with the statute or ordinance does not absolve a motorist from negligence if he has failed to exercise ordinary care. Pryor's Adm'r v. Otter, 268 Ky. 602, 105 S.W.2d 564; Bosshammer v. Lawton, Ky., 237 S.W. 2d 520.

██ It will be recalled that there is testimony here that O'Donley's automobile not only was parked partly on the highway but that the lights on the car were not burning. The point is made that the testimony in regard to the absence of a rear light is of a negative nature and does not reach the dignity of probative evidence. We note, however, that the occupants of the pickup truck testified positively the headlights on the car were not burning, and it is common knowledge that the lighting system on most automobiles is so constructed that the headlights and the rear light (tail light) are controlled by a single switch. We have no hesitancy in concluding that it was proper to submit the question of O'Donley's negligence to the jury.

██ It is also argued that Collins was negligent as a matter of law in failing to keep a lookout, and in failing to have his car under proper control. This also was a question for the jury. Negligence and contributory negligence become questions of law only in those cases where the evidence is such that reasonable minded men could reach but one conclusion. Head v. Lucas, 313 Ky. 356, 231 S.W.2d 81. The evidence as to Collins' negligence does not meet that test. The authorities cited by O'Donley on this point are clearly distinguishable.

We have examined the instructions given by the court, as well as those offered by O'Donley and rejected by the court, and are of the opinion the instructions given fairly presented the issues. Certainly there is no error in the instructions which might be considered prejudicial to O'Donley's rights.

The judgment is affirmed.