**JACK COLE COMPANY et al., Appellants,**

v.

**Lee R. HOFF, Appellee.**

Court of Appeals of Kentucky.

Dec. 17, 1954.

Rehearing Denied Feb. 11, 1955.

Stoll, Keenon & Park, R. W. Keenon, Lexington, Faurest & Montgomery, Elizabethtown, for appellants.

Hatcher & Lewis, Elizabethtown, for appellee.

CULLEN, Commissioner.

An automobile driven by Lee R. Hoff collided with a truck owned by the Jack Cole Company. In an action for personal injuries against the company and its driver, James A. Lee, Hoff recovered judgment against both, upon a jury verdict, in the amount of $23,000. The Jack Cole Company and Lee appeal.

The appellants contend that they were entitled to a directed verdict, and that there were errors in the admission of testimony and in the instructions.

The accident occurred around 10:30 p. m. on March 3, 1953, on U. S. Highway No. 31–W, a few miles north of Elizabethtown. It had been raining earlier in the evening, and the blacktop surface of the highway was wet and the shoulders muddy.

The Cole Company truck was traveling south, and for some distance had been following an automobile driven by Ann Burgess. Mrs. Burgess pulled her car off on the west shoulder, to check her tires, and because of the mud was unable to get her car back on the highway. Mr. Lee stopped his truck, in the west lane of the highway, to see if Mrs. Burgess needed help. At about the same time an automobile traveling north pulled off the road on the east shoulder, and its owner, a Mr. Bliss, came across the highway to render assistance. According to the testimony of Bliss and Lee, they immediately put out flares, one 123 feet north of the truck and the other on the left rear corner of the truck. They also testified that the lights on the rear of the truck, eight in number, were burning. Mrs. Burgess and Mrs. Bliss gave corroborating testimony as to the flares and lights.

As Bliss and Lee were in the process of fastening a rope to the front of the Burgess car, the Hoff car approached from the north and struck the right rear corner of the truck. The collision was with considerable force, and the testimony of Lee, Mr. and Mrs. Bliss and Mrs. Burgess was that the Hoff car was traveling at a high rate of speed.

Hoff testified that he had been following a trailer-truck for some distance before the accident, about 100 feet behind, and was going 45 or 50 miles per hour; the trailer-truck swerved to the left to go around something in the road, and he turned to the left to follow the trailer-truck; there were oncoming cars in the east lane preventing him from continuing behind the trailer-truck, and as he pulled back into his own lane he first noticed the stopped Cole Company truck, around 100 feet in front of him; he immediately applied his brakes but was unable to stop because of water and mud on the highway, and he slid into the right rear corner of the truck; he saw no flares and did not see any lights on the back of the Cole Company truck.

A taxi driver, who testified that the Hoff car had passed his taxi a few miles from the point of the accident, also testified that the Hoff car was following a trailer-truck. The taxi driver saw the flares when he arrived on the scene a few minutes after the accident.

Lee, Mr. and Mrs. Bliss, and Mrs. Burgess testified that no vehicle passed the stopped truck, going south, immediately before the accident. However, a Mr. Gore, who arrived on the scene with a wrecker some half hour after the accident, was permitted to testify that in a conversation with Mr. Lee the latter said that a trailer-truck had "come might near hitting" the stopped truck just before the accident. Lee testified that there were some cars approaching from the south at the time of the accident, which tends to confirm Hoff's story that the east lane was so occupied that he could not go around the stopped truck.

The primary contention of the appellants is that they were entitled to a directed verdict because there was no negligence on their part. This is on the theory that Lee did not violate any rule of the road in stopping his truck on the highway.

Subsection (1) of KRS 189.450 provides, in part:

"No person shall stop a vehicle, leave it standing or cause or permit it to stop or to be left standing upon the main traveled portion of a highway; * * *."

Latter portions of the subsection provide exemptions for disabled vehicles and for "wreckers at the scene of accidents or emergency vehicles." Subsection (4) enumerates various places where a vehicle shall not be stopped or parked, whether on or off the main travelled portion of the highway.

The appellants maintain that the statute was not intended to prohibit stopping or parking except at the specific points enumerated in subsection (4). This contention is wholly without merit. Even under a prior statute, which in terms purported to prohibit only such stopping as was done for the purpose of making repairs or receiving or discharging passengers, this Court held that the purpose of the statute was to prevent a person from stopping a vehicle and leaving it standing on the main traveled portion of a highway. Bosshammer v. Lawton, Ky., 237 S.W.2d 520. We have construed subsection (1) of the present statute as prohibiting the leaving of a vehicle parked on the paved portion of the highway. Burnett v. Yurt, Ky., 247 S.W.2d 227. Subsection (4) of the statute is aimed primarily at stopping or parking off the main traveled portion.

The appellants suggest that, under the particular circumstances, their truck should be classed as an "emergency vehicle," within the exclusion clause of KRS 189.450(1). However, we are not convinced that the legislature intended this term, which has a fairly well understood meaning, to apply to the ordinary motorist who, admittedly with commendable motives, stops to assist a fellow motorist in distress. We think the legislature had in mind ambulances, fire trucks and similar emergency vehicles which ordinarily are equipped with flashing lights and other warning devices.

It must be held that Lee was negligent as a matter of law in stopping his truck on the main highway, in violation of the statute.

The next contention of the appellants is that Hoff was contributorily negligent as a matter of law. However, they practically concede that if Hoff's testimony should be believed, particularly as to the presence of the trailer-truck immediately preceding Hoff, their contention must fail. They attempt to discredit the testimony of Hoff and of the taxi driver, but there are no physical facts to make that testimony unbelievable. Under similar conditions, we have held that contributory negligence was a question for the jury. Bosshammer v. Lawton, Ky., 237 S.W.2d 520; De Buyser v. Walden, Ky., 255 S.W.2d 616.

It is next argued that, assuming the negligence of the truck driver, such negligence was not a proximate cause of the accident. Reliance is had on Suter's Adm'r v. Kentucky Power & Light Co., 256 Ky. 356, 76 S.W.2d 29; and Greenwell's Adm'r v. Burba, 298 Ky. 255, 182 S.W.2d 436. In each of these cases, the moving vehicle was traveling at a very high rate of speed; it did not hit the parked vehicle, but swerved to avoid it and went a considerable distance in the ditch or along the shoulder before overturning. The presence of the parked vehicle was merely a condition, and not a cause. In the instant case, we have a conflict of evidence concerning speed, and the accident consisted solely of a collision between the moving vehicle and the parked vehicle. If the Cole Company truck had been moving, in all probability the accident would not have happened. Under no view of the case could we say that as a matter of law the negligence of the truck driver was not a cause of the accident. See Ashton v. Roop, Ky., 244 S.W.2d 727; Carpenter v. Page Bros. Motor Co., Ky., 242 S.W.2d 993.

Another contention is that the Jack Cole Company should have been given a directed verdict because, when Lee stopped and went to the assistance of Mrs. Burgess, he departed from the scope of his employment. This contention is based on Brock v. Bennett, 304 Ky. 338, 200 S.W.2d 745. In that case one Jackson, a taxi driver, stopped his taxi at a place where Brock's car was stuck in the ditch. Brock *hired* Jackson to assist in getting the car out of the ditch. In the process, Brock was injured, and he sued the owner of the taxi, Bennett. In holding that Brock could not recover, the court gave as one reason that

Jackson had departed from his master's service.

The circumstances in the Brock case were peculiar, and we think the case is distinguishable on the basis that the employe in that case engaged in a private business venture of his own in contracting to pull the Brock car from the ditch. We are of the opinion that it would be an unreasonably narrow interpretation of the respondeat superior doctrine to hold that an over-the-road truck driver may not stop and offer courtesy assistance to a fellow motorist in distress.

■ It is argued that the testimony of the witness, Gore, concerning a conversation with the truck driver, Lee, some 30 minutes after the accident, was incompetent as against Lee's employer, the Jack Cole Company, because it was not a part of the res gestae. In this conversation, Lee is alleged to have said that a trailer-truck had just missed hitting the parked Cole Company truck immediately before the accident. The conversation took place at the scene of the accident, after Gore had arrived with a wrecker to remove the damaged Hoff car.

Without regard to whether or not the conversation in question was part of the res gestae, we are of the opinion that no prejudicial error was committed in admitting the testimony and in failing to admonish the jury that it could not be considered as against the Jack Cole Company. The alleged statement by Lee did not tend to show any negligence on his part or to establish any basis for liability of the truck owner; it merely stated an isolated fact which indirectly might support a finding that Hoff was not contributorily negligent. Lee took the stand and not only denied making the statement, but also denied that there was any trailer-truck preceding the Hoff car. In any event the evidence was admissible against Lee, and we doubt if the Jack Cole Company would have profited much by a mere admonition.

■ Objection was made on the trial to the admission of the testimony of one Ikenberry, who had been working with Hoff earlier in the evening and who arrived at the scene of the accident about 30 minutes after it happened. The objection was based on the ground that, in a pretrial deposition of Hoff, taken by the appellants for the purpose of discovery, Hoff stated that he did not know of any witness to the accident, whereas he obviously knew that Ikenberry was a witness and that Ikenberry would be used on the trial. It is contended that Hoff's conduct violated C.R. 26.02, and that Ikenberry should not have been permitted to testify.

As we view the case, the admission of Ikenberry's testimony was not prejudicial, even if we assume that Hoff violated C.R. 26.02. In the first place, Ikenberry's testimony was of very little consequence in the case, and in the second place, Lee saw and talked with Ikenberry at the scene of the accident and thereby had adequate knowledge of the fact that he was a witness. Lee did not need to resort to the discovery process in order to know about Ikenberry.

Some other complaints are made concerning the admission or rejection of evidence, but they do not warrant discussion.

The alleged errors in the instructions relate to the question of whether the stopping of the truck on the highway constituted negligence, and the question of whether Lee departed from his employment in going to the assistance of Mrs. Burgess. These questions have been disposed of.

Upon the whole record we find no error prejudicial to the substantial rights of the appellants.

The judgment is affirmed.