John F. ADAMS, Appellant,

v.

Ralph PARSONS, Appellee.

Court of Appeals of Kentucky.

Jan. 31, 1958.

As Modified on Denial of Rehearing
June 13, 1958.

Marvin Fisher, Charles C. McConnell, Louisville, Allen P. Cubbage, Leitchfield, for appellant.

John P. Ryan, Louisville, for appellee.

BIRD, Judge.

The plaintiff, John F. Adams, was a guest in the automobile of the defendant, Ralph Parsons, when it collided with the automobile of Henry Lindsey, a second defendant who was about to pass a truck be-

longing to J. L. Fulkerson, a third defendant. Plaintiff Adams and defendant Parsons were traveling east on U. S. Highway 62 about three miles east of Leitchfield, Kentucky. Parsons was driving and Adams was riding on the right side of the back seat. Defendant Lindsey was following defendant Fulkerson as they traveled westward. At or very close to a place identified in the record as Green's driveway, the defendant Fulkerson stopped or nearly stopped his truck for the purpose of making a left turn into the driveway. Defendant Lindsey, because of the wet road and grabbing brakes, was unable to stop in the right lane behind Fulkerson and skidded partially across the center line into the left lane, the right and proper lane for the oncoming Parsons car. While his car was so situated upon the highway it collided head-on with the Parsons car just a few feet east of the driveway. Guest Adams was seriously injured and sued the operators of each of the three vehicles. A jury found for the plaintiff against the two colliding defendants, Parsons and Lindsey, in the total sum of $14,800. Defendant Parsons was denied a new trial but was granted a judgment notwithstanding the verdict under CR 50.03. Plaintiff Adams appeals from that judgment.

■ There is only one question to be answered on plaintiff's appeal. Was the verdict of the jury warranted by the evidence? Directed verdicts have been much discussed by this Court and a number of pertinent rules have been written into the case law of this state. However, had this particular case come to us on the question of error in granting or refusing a directed verdict, only one rule would be needed to settle the issue. Simply stated it is this. Negligence and contributory negligence become questions of law only in those cases where the evidence is such that reasonable men could, from the evidence, reach but one conclusion, and if different conclusions may be reached by reasonable men the questions are for the jury. Tupman's Adm'r v. Schmidt, 200 Ky. 88, 254 S.W.

199; O'Donley v. Shelby, Ky., 262 S.W.2d 362; Ellis v. Glenn, Ky., 269 S.W.2d 234; Stanley v. Caldwell, Ky., 274 S.W.2d 383. When a judgment notwithstanding the verdict is granted upon insufficiency of evidence, we are called upon to decide whether to sustain the jury's verdict or the court's judgment, and we are still dependent upon what reasonable men might and could do under the evidence. This being a trial by jury as a matter of right we must bear in mind that the trial judge is not a trier of facts and, though there may even be a preponderance of evidence justifying his factual conclusion, we must nevertheless sustain the finding of the jury if there is sufficient evidence from which a jury of reasonable men could have properly reached the verdict which was reached.

■ It was Parsons' duty to operate his automobile in a careful and prudent manner and to exercise such care to avoid collision as a reasonably prudent person would commonly exercise under the attending circumstances. Assuming that there was no violation of any specific duty by Parsons let us look to the evidence to determine whether Parsons failed in his general duty so as to justify a verdict for the plaintiff against Parsons.

The record discloses a wet and slippery road upon which Parsons admits driving fifty to sixty miles per hour while his guest says sixty-five to seventy miles per hour. Parsons states that he saw Fulkerson giving a left turn signal when Fulkerson was 150 to 200 feet from the Green driveway, the approximate point of collision. It is testified that Lindsey was following Fulkerson at a distance of one hundred feet or more. The cumulative effect of the testimony is that Parsons was about 500 feet from the Lindsey car and at least 400 feet from Fulkerson when he gave the left turn signal. Parsons was at least 500 feet from the Lindsey car when he knew that its movement would be affected by Fulkerson's signal for a left turn. Parsons made no effort to reduce his speed and proceeded

as if no signal had been given. Perhaps it was the conclusion of the jury that a reasonably prudent person would not have continued heedlessly on a slippery road without trying to determine whether the Lindsey car would be adversely affected by the slowing or stopping of the Fulkerson truck. Such conclusion was unquestionably justified. Though Lindsey and Parsons were about equidistant from the place of the accident when Fulkerson started his left turn signal, and traveling about the same rate of speed, Lindsey who did not see the Fulkerson signal managed to stop before the collision on a slippery road. Perhaps it was the jury's conclusion that a reasonably prudent person, who did see the signal, might have brought his car under such control as to have enabled him to stop before the collision and thus avoid injury to his guest. We think such a conclusion warranted. Turn and stop signals do more than express the driver's intention to change the movement or course of his automobile. They also give notice that the movement of other vehicles in proximity may be affected, even adversely, by the change. The type of accident that we have in this case is so common that the oncoming motorist, with such notice, could reasonably anticipate the very thing that did happen. This is especially true when roads are slippery. Yet, Parsons did absolutely nothing to try to prevent the collision. Why? We shall let him answer in his own words:

"Well, after leaving Leitchfield coming into the curve in question, after I completed the curve I seen the truck setting there with the driver had his arm out and I knew he wasn't going to make the turn which he was intending to and after I seen him I looked on back and seen the car approaching from the back of the truck which Mr. Lindsey was driving and I didn't check my speed because I didn't think the man would come around the stopped truck. When he did swerve out around him, well, I didn't have time to put on my brakes or nothing else, just plowed right into him."

■ This, we think, constitutes no more than a feeble excuse. The overall effect of the evidence in this case is such as could and would warrant a jury of reasonable minded men in concluding that Parsons failed to exercise the care required of him, that such failure constituted a proximate cause of the collision. The judgment of the court should therefore be vacated and the verdict of the jury reinstated.

■ A motion for new trial was made on behalf of Parsons and was overruled by the trial court. Under the provisions of CR 50.03 the court's ruling on that motion is here on appeal. The case has not been briefed on the points mentioned as grounds for a new trial nor has a reversal been asked because of any error in trial court's ruling. It is therefore presumed that Parsons did not intend to prosecute his appeal, and the appeal of Parsons is therefore dismissed.

For the reasons stated the judgment is reversed with directions to enter one in conformity with the verdict of the jury.

MONTGOMERY, J., dissenting.