Silas SHEPHERD, Appellant,

v.

LAUREL BRANCH COAL CO., Subsequent Injury Fund, and Workmen's Compensation, Appellees.

Court of Appeals of Kentucky.

April 29, 1960.

Rehearing Denied June 24, 1960.

Don A. Ward, Hazard, for appellant.

M. B. Barrett, Hazard, L. C. Turner, Frankfort, for appellees.

STANLEY, Commissioner.

The appeal is by Silas Shepherd from a judgment confirming the dismissal by the Workmen's Compensation Board of his claim for compensation for injury suffered to an eye. He also asserted a claim against the Subsequent Injury Fund (KRS 342.120 et seq.) on the allegation that he had suffered the loss of his other eye in another employment and had been rendered industrially blind by this later accident.

Shepherd had just been hired by the appellee, the Laurel Branch Coal Company, and was working on his first shift on January 24, 1957, when, as he testified, he was struck in his left eye with a small piece of coal thrown over a mine car being loaded by Hiram Miller. He testified he had told Miller about it but kept on at work, although his eye hurt him and "everything looked glassy." Testimony of members of his family tended to support his claim of injury on this occasion and his testimony that prior to this occasion sight in his left eye was not impaired but was seriously impaired following the claimed accident. A doctor testified the claimant's left eye was not unusual in external appearance, but an examination revealed a torn retina.

On the other side, there is substantial evidence that Shepherd had concealed from the appellee his defective eyesight in order to obtain employment. Miller and another witness, who were actually working with Shepherd at the time, testified positively that they did not see anything happen to him or hear him complain about being hurt and that the claimed accident did not occur. There is other evidence to the same effect.

The report of the referee and the opinion of the whole Board confirming it show painstaking consideration was given to the claim. Their finding of fact is that although the claimant is industrially blind, his condition did not arise out of or in the course of his employment at the Laurel Branch Coal Company.

Appellant's argument for a reversal of the judgment is that the negative evidence may not be regarded as overcoming the positive evidence that he was, in fact, injured in the manner and at the time stated.

Much has been written on the relative weight to be given negative testimony.

It is well recognized that purely negative testimony may be of little weight. But this depends upon the circumstances. Evidence that something did not happen may be affirmative in character and as persuasive and potent as positive evidence that something did happen where the witness was so situated that he had direct and positive knowledge of the incident he is called upon to describe. Louisville & N. R. Co. v. Ratliff's Adm'r, 260 Ky. 380, 85 S.W.2d 1006; O'Donley v. Shelby, Ky., 262 S.W.2d 362. Both kinds of negative evidence are exemplified in Cincinnati, N. O. & T. P. R. Co. v. Hare's Adm'x, 297 Ky. 5, 178 S.W.2d 835.

In this case it cannot be said that evidence contradicting the claimant's testimony should be held of no probative value and should have been discarded by the Workmen's Compensation Board. The Board chose to accept it. Its finding of the fact that the claimant was not injured in the course of his employment has ample evidence to support it. KRS 342.285(3) (d).

Judgment is affirmed.